In a proceeding, inter alia, pursuant to CPLR article 78 to review a determination of the New York City Housing Authority dated May 7, 2010, terminating the petitioner’s benefits under Section 8 of the United States Housing Act of 1937 (42 USC § 1437f [b] [1]), John Rhea, as Chairman of the New York City Housing Authority, and the New York City Housing Authority appeal, by permission, from an order of the Supreme Court, Kings County (Edwards, J.), dated July 9, 2012, which denied their motion to dismiss the petition on the ground that the proceeding was time-barred.
Ordered that the order is affirmed, with costs.
The petitioner commenced this proceeding against, among others, the respondents John Rhea, as Chairman of the New York City Housing Authority (hereinafter NYCHA) and the NYCHA (hereinafter together the appellants), challenging the termination by the NYCHA of her benefits under Section 8 of the United States Housing Act of 1937 (42 USC § 1437f [b] [1]). Prior to submitting an answer, the appellants moved to dismiss the petition on the ground that the proceeding was time-barred. In opposition, the petitioner alleged, inter alia, that the NYCHA failed to comply with the notice provisions of the first partial consent judgment in Williams v New York City Hous. Auth. (US Dist Ct, SD NY, 81 Civ 1801, Ward, J., 1984) (hereinafter the Williams first partial consent judgment) before terminating her Section 8 benefits.
The Williams first partial consent judgment “established procedures by which Section 8 tenants may challenge a NYCHA decision to discontinue or terminate subsidy payments” (Williams v New York City Hous. Auth., 975 F Supp 317, 319 [SD NY 1997]). These procedures require that the NYCHA send three separate written notices to a participant before terminating his or her Section 8 benefits (see Matter of Fair v Finkel, 284 AD2d 126, 127 [2001]). As set forth in the Williams first partial consent judgment, these notices include a warning letter, a notice of termination letter (known as the T-l letter), and a notice of default letter (known as the T-3 letter) (see Williams first partial consent judgment ¶ 3 [a], [b], [c]; Matter of Dial v Rhea, 111 AD3d 720 [2013] [decided herewith]; Matter of Fair v Finkel, 284 AD2d at 128). Pursuant to paragraph 22 (f) of the Williams first partial consent judgment, the four-month statute *708 of limitations of CPLR 217 begins to run on the date of receipt of the NYCHA’s notice of default letter (see Williams first partial consent judgment ¶ 22 [f]; see also Matter of Parks v New York City Hous. Auth., 100 AD3d 407 [2012]; Matter of Lopez v New York City Hous. Auth., 93 AD3d 448 [2012]; Matter of Fernandez v NYCHA Law Dept., 284 AD2d 202 [2001]). The burden of proving compliance with the three-notice requirement rests with the NYCHA (see Matter of Dial v Rhea, 111 AD3d 720 [2013] [decided herewith]; Matter of Fair v Finkel, 284 AD2d at 129).
Here, the record shows that the NYCHA failed to mail to the petitioner either the warning letter or the notice of termination letter. Thus, the NYCHA’s termination of the petitioner’s Section 8 benefits was in violation of lawful procedure (see Matter of Dial v Rhea, 111 AD3d 720 [2013] [decided herewith]; see generally Matter of Robinson v Martinez, 308 AD2d 355 [2003]; Matter of Fair v Finkel, 284 AD2d 126 [2001]). Contrary to the appellants’ contention, since the NYCHA did not comply with the notice provisions set forth in the Williams first partial consent judgment, the statute of limitations was not properly triggered and did not begin to run (see Matter of Dial v Rhea, 111 AD3d 720 [2013] [decided herewith]; but see Matter of Lopez v New York City Hous. Auth., 93 AD3d 448 [2012]).
Accordingly, the Supreme Court properly denied the appellants’ motion to dismiss the petition on the ground that the proceeding was time-barred.
The appellants’ remaining contentions either are without merit or have been rendered academic in light of our determination. Rivera, J.E, Hall and Cohen, JJ., concur.